**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anne Michelle Harris,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-23-00052-PHX-DLR<br><br>**ORDER** |

On February 16, 2024, Magistrate Judge Michael T. Morrissey issued a Report and Recommendation (R&R) recommending that the Court reverse the decision of the Commissioner of Social Security and remand the case for further administrative proceedings. (Doc. 29.) Plaintiff filed Objections to the R&R (Doc. 30), and Defendant filed a response (Doc. 31). After reviewing the R&R and considering the arguments raised in Plaintiff's Objections, the Court will overrule the Objections and adopt Judge Morrissey's Recommendation.

**I.     STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also* Fed. R. Civ. P. 72(b). The Court is not required to conduct "any

review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## II. DISCUSSION

Plaintiff makes two objections: First, Plaintiff contends that Judge Morrissey erred in recommending the Court affirm the ALJ's decision to discredit Plaintiff's symptom testimony. Second, Plaintiff argues that the matter should not be remanded for further proceedings, but instead for an immediate award of benefits. (Doc. 30.) The Court addresses each objection in turn.

### A. Plaintiff's Symptom Testimony

Plaintiff objects to Judge Morrissey's finding that the ALJ provided specific, clear, and convincing reasons supported by substantial evidence to discredit Plaintiff's symptom testimony. The R&R explains that that ALJ rejected Plaintiff's symptom testimony, in part, because of Plaintiff's reluctance to take narcotic pain medication despite claiming debilitating headache pain. Judge Morrissey found this to be a specific, cogent reason supported by substantial evidence to reject Plaintiff's symptom testimony. (Doc. 29 at 11–12.)

Plaintiff contends that Judge Morrissey "fails to make the distinction" between a reluctance to take *any* medication and a reluctance to take *narcotic* pain medication. Plaintiff asserts that she complied with all other treatment recommendations and that without the ALJ knowing the reason behind Plaintiff's non-compliance, failing to take a narcotic medicine does not justify discrediting her symptom testimony. (Doc. 30 at 4–5).

The Court finds no error in Judge Morrissey's analysis and recommendation. Judge Morrissey correctly noted that the ALJ was not required to inquire why Plaintiff was non-compliant with her medication, but rather it was the Plaintiff's burden to provide an explanation for such non-compliance, which Plaintiff failed to do. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("Another such form of evidence is an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment. While there are any number of good reasons for not doing so, a claimant's failure to assert

one, or a finding by the ALJ that the proffered reason is not believable, can cast doubt on the sincerity of the claimant's pain testimony.").

Plaintiff also objects to Judge Morrissey's finding that the ALJ reasonably concluded that Plaintiff's daily activities undermined her symptom testimony. (Doc. 30 at 6–7.) Plaintiff summarizes the daily activities that the ALJ cited to and then asserts, without supporting authority or explanation, that such activities fail to undermine Plaintiff's symptom testimony. The Court disagrees. It was rational for the ALJ to conclude that Plaintiff's ability to engage in a wide-range of tasks—including household chores—and leisure activities—such as doing puzzles, crocheting, and going on vacation—undermined Plaintiff's claim that she suffered from totally debilitating headaches and migraines. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (holding that normal activities of daily living, such as cooking and cleaning, may suggest that claimant "is capable of performing the basic demands of competitive, remunerative, unskilled work on a sustained basis"). This is a rational conclusion even if Plaintiff could not engage in such activities for a substantial part of the day. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (holding that although plaintiff "was somewhat equivocal about how regularly she was able to keep up with all of these activities," the court would not second-guess ALJ's reasonable interpretation, supported by substantial evidence, that her daily activities undermined symptom testimony).[1]

### B. Remand for further proceedings

Plaintiff agrees with Judge Morrissey that the ALJ committed materially harmful error in rejecting Dr. Jamison's medical opinion, but objects to Judge Morrissey's

---

[1] Plaintiff asserts that the "R&R did not acknowledge the cases discussed in the opening brief from this Court finding travel was not automatically inconsistent with a claimant's symptom testimony." (Doc. 30 at 7.) Judge Morrissey was under no obligation to address each and every case Plaintiff cited in her opening brief. Moreover, the Court agrees with the Judge Morrissey's finding that a claimant's ability to travel and go on vacation is a clear and convincing reason to discredit the claimant's testimony to the extent such activities contradict claims of debilitating pain. *See e.g.*, *Wennet v. Saul*, 777 Fed. App'x 875, 877 (9th Cir. 2019) (holding that claimant's vacations and frequent travel was a specific, clear, and convincing reason to discredit the claimant's testimony).

recommendation that the case be remanded for further proceedings, rather than for payment of benefits. (Doc. 30 at 8.)

The Ninth Circuit makes clear that an "automatic award of benefits in a disability case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017); *see also Trechler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) ("[O]ur jurisprudence . . . requires remand for further proceedings in all but the rarest cases."). To remand for an award of disability benefits, the Court must find: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further administrative proceedings would not be useful; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled. *See Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023).

The Court agrees with Judge Morrissey that it is not clear from the record that the ALJ would be required to find Plaintiff disabled. As discussed above, the ALJ properly discredited Plaintiff's symptom testimony based on her non-compliance in taking medication and her daily activities. Thus, even if the ALJ credited Dr. Jamison's medical opinion as true, it is not clear from the record that the ALJ would be required to find Plaintiff disabled.

Plaintiff contends that Judge Morrissey failed to adequately explain the usefulness of additional proceedings. (Doc. 30 at 9.) The Court disagrees, but even if Plaintiff's assertion is correct—that Judge Morrissey did not explain the usefulness of additional proceedings—crafting a remedy is within the Court's discretion. "[E]ven if all three requirements [for remand with benefits] are met, we retain flexibility in determining the appropriate remedy. We may remand on an open record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (cleaned up). The Court agrees with Judge Morrissey that a remand for further proceedings is appropriate here. Accordingly,

1  **IT IS ORDERED** that Plaintiff's Objections to the R&R (Doc. 30) are
2  **OVERRULED**.
3  **IT IS FURTHER ORDERED** that Magistrate Judge Michael T. Morrissey's
4  Report and Recommendation (Doc. 29) is **ACCEPTED and ADOPTED**.
5  **IT IS FURTHER ORDERED** that the decision of the Commissioner is
6  **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this
7  Order and the R&R. The Clerk of the Court shall enter judgment accordingly and terminate
8  this case.
9  Dated this 29th day of March, 2024.

Douglas L. Rayes
United States District Judge